# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRANDON MOCKBEE,<br>  Plaintiff, | Case No. 1:17-cv-254 |
| vs | Dlott, J.<br>Litkovitz, M.J. |
| SCIOTO COUNTY ADULT<br>PAROLE AUTHORITIES, *et al.*,<br>  Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Miami Correctional Institution, has filed a civil rights complaint under 42 U.S.C. § 1983, naming as defendants Frank Schiavone III, Frank Schiavone IV, Scioto County Adult Parole Authorities, John Does, Ohio Parole Board, and "Adult Parole." (*See* Doc. 1-1, Complaint at PageID 17). Plaintiff has also filed an amended complaint naming Frank Schiavone III, Frank Schiavone IV, Scioto County Adult Parole Authorities, John Does, and "Chillicothe Prison" as defendants. (Doc. 2-1, Complaint at PageID 101).

By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the amended complaint, plaintiff claims that he was initially sentenced to serve a prison sentence of twenty years, following his criminal conviction in Scioto County, Ohio. (*See* Doc. 2-1, Amended Complaint at PageID 102; 108–109). Plaintiff indicates that he was resentenced to an eight year prison sentence upon successfully appealing to the Court of Appeals. (*Id.* at PageID 102). Plaintiff further indicates that he subsequently filed an application to reopen his appeal, which resulted in his release from prison. (*Id.*).

Plaintiff claims that months after his release he was ordered by the Adult Parole Authorities to report or he would be placed back in prison. According to plaintiff, he was forced to move from Scioto County to Cincinnati, "where my parole was transferred." (*Id.*). Plaintiff claims that the trial court "made a[n] order that I was illegally placed on parole and to terminate

the void sanction." (*Id.*). Plaintiff has attached to the complaint the June 9, 2016 Order, which vacated the post-release control portion of plaintiff's sentence after finding that it was not properly imposed in his case and was therefore void. (*Id.* at PageID 106).

Plaintiff alleges that his attorneys, defendants Frank Schiavone III and Frank Schiavone IV, provided ineffective assistance of counsel during the state court proceedings. Specifically, he claims that these defendants refused to file motions requested by plaintiff challenging his post-release control. (*Id.* at PageID 103). As a result of these factual allegations plaintiff claims he was subjected to cruel and unusual punishment "for being subjected bye (sic) an illegal act of fraud upon the court." (*Id.* at PageID 102).

For relief, plaintiff requests that his "loss of time be accounted for," an apology from his lawyers, and monetary damages. (*Id.* at PageID 105).

Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. First, plaintiff's claims against his attorneys, defendants Frank Schiavone III and Frank Schiavone IV, should be dismissed because these individuals are not state actors subject to liability under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of America,* 102 F.3d 810, 814 (6th Cir. 1996). A private actor acts under color of state law when his conduct is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982). As plaintiff's attorneys, defendants Schiavone III and Schiavone IV were not state actors subject to liability under § 1983. *See Brown v. McCandless*, No. 1:15cv381, 2015 WL 4476955, at *3 (N.D. Ohio July 22,

4

2015) (and cases cited therein) ("[i]t is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983"); *Foster v. Ohio*, No. 1:14cv668, 2014 WL 5589016, at *1, *4 (S.D. Ohio Nov. 3, 2014) (Beckwith, J.; Litkovitz, M.J.) (and cases cited therein) (holding that plaintiff's complaint against his attorney was subject to dismissal at screening stage for failure to state a claim under § 1983). Accordingly the complaint should be dismissed as to the attorney defendants.

Second, to the extent that plaintiff names the "Chillicothe Prison" as a defendant in this action, he fails to state a claim upon which relief may be granted because it is not a legal entity that is capable of being sued. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. *Parker v. Michigan Dept. of Corr.,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See McGlone v. Warren Corr. Inst.*, No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that the complaint against the ODRC and an Ohio prison was subject to dismissal at the screening stage because "neither the state prison facility nor the state corrections department is an entity that is capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.). Therefore, the complaint should be dismissed as to the defendant prison.

The complaint should also be dismissed with respect to plaintiff's claims against the Ohio Parole Board, the Adult Parole Authority, and the Scioto County Adult Parole Authorities. The Ohio Parole Board is a section within the Adult Parole Authority, a state agency. *See* Ohio Rev. Code § 5149.02; *Holson v. Good,* 579 F. App'x 363, 366 (6th Cir. 2014) ("The Parole Authority is undisputedly a state agency."). Absent an express waiver, the Eleventh Amendment to the

5

United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman,* 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). Therefore, the Ohio Parole Board and Adult Parole Authority are immune from suit in this case and plaintiff's claims against these defendants should be dismissed. *Murray v. Ohio Adult Parole Authority*, 916 F.2d 713, 1990 WL 155692 at \*2 (6th Cir. Oct. 17, 1990) (holding that the Eleventh Amendment barred the plaintiff's suit against the Ohio Adult Parole Authority).

Plaintiff also fails to state a claim for which relief may be granted against the Scioto County Adult Parole Authorities. Plaintiff's complaint against this defendant is in reality an official capacity suit against Scioto County, the entity of which defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To state a claim for relief against Scioto County for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk Cnty. v. Dodson*,

6

454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Plaintiff here fails to identify or allege that his injuries were the result of a county policy that would subject Scioto County to suit under § 1983. *See Graham ex. rel. Estate of Graham v. Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Scioto County Adult Parole Authorities.

Finally, plaintiff has not made any factual allegations against unidentified John Doe defendants despite naming John Does as defendants. Therefore, the complaint should be dismissed as to these defendants.

Accordingly, in sum, the amended complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date:     5/22/17                                         *s/ Karen L. Litkovitz*
                                                          Karen L. Litkovitz
                                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON MOCKBEE,
    Plaintiff,

vs

SCIOTO COUNTY ADULT
PAROLE AUTHORITIES, *et al.*,
    Defendants.

Case No. 1:17-cv-254

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).