UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON MOCKBEE,
Plaintiff,

vs.

SCIOTO COUNTY ADULT
PAROLE AUTHORITIES, et al.,
Defendants.

Case No. 1:17-cv-254
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Miami Correctional Institution in Bunker Hill, IN filed this civil rights complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights against several individuals. This matter is before the Court on plaintiff's post-judgment motions to "hold Miami Correctional Facility Pay/Roll and Accounts in Contempt for Violation of a Court Order" (Docs. 18, 21) and motion for sanctions (Doc. 20).

As background, on May 22, 2017, the undersigned conducted a *sua sponte* review of plaintiff's complaint and recommended that plaintiff's complaint be dismissed in its entirety for failure to state a claim upon which relief may be granted. (Doc. 8). In the Report and Recommendation, the undersigned explained that plaintiff's criminal attorneys are not state actors subject to liability under § 1983, "Chillicothe Prison" is not a legal entity capable of being sued, claims against the Ohio Parole Board and Adult Parole Authority are barred by the Eleventh Amendment, and plaintiff failed to identify or allege that his injuries were a result of a county policy that would subject defendant Scioto County to suit under § 1983. (*Id.* at 4-7). The Court also noted that plaintiff failed to make any factual allegations against unidentified John Doe defendants. (*Id.* at 7). On August 18, 2017, the District Court adopted the May 2017 Report and Recommendation, thereby dismissing plaintiff's amended complaint with prejudice

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and rendering this case closed. (Doc. 16). The Clerk entered judgment in this case on August 18, 2017. (Doc. 17).

In view of this Court's Order and Judgment entry dismissing plaintiff's case pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) (Docs. 16 and 17), plaintiff lacks authority to file, and this Court lacks any basis upon which to consider plaintiff's filings. Moreover, the Court notes that plaintiff's post-judgment motions are unrelated to the dismissed claims in this matter. Plaintiff's post-judgment motions involve different parties and concern issues with his mail and prison payroll account withdrawals at the Miami Correctional Institution. (*See* Docs. 18, 20, 21). If plaintiff wishes to pursue these issues, he must file a separate lawsuit and not file post-judgment motions in this matter. Therefore, plaintiff's post-judgment motions for contempt (Docs. 18, 21) and sanctions (Doc. 20) should be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 5/17/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDON MOCKBEE,
Plaintiff,

vs.

SCIOTO COUNTY ADULT
PAROLE AUTHORITIES, et al.,
Defendants.

Case No: 1:17-cv-254
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).